IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBIN LYNN CUMBIE<br><br>Plaintiff,<br>vs.<br><br>USAA CASUALTY INSURANCE CO.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 2:25-cv-00065<br><br>**Removed from Butler County Circuit Court Case No. 10-CV-2024-900075** |

## NOTICE OF REMOVAL

**COMES NOW** Defendant, USAA Casualty Insurance Company[1], ("USAA") pursuant to 28 U.S.C. § 1446 and gives notice of removal of the above-captioned lawsuit from the Circuit Court of Butler County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for removal of this case, the Defendant states that removal is proper under 28 U.S.C. §§ 1332, 1441, and 1446, and shows as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff, Robin Lynn Cumbie ("Plaintiff" or "Cumbie"), originally filed this lawsuit on September 6, 2023, in the Circuit Court of Butler County, as case number 10-CV-2024-900075 alleging negligence, wantonness, and gross

[1] This Defendant notes that the entity issuing the policy to the Plaintiff is USAA General Indemnity Company.

wantonness against the individual Defendant, Jackson, and USAA Automobile Insurance Company. A true and correct copy of the Complaint is attached as Exhibit "A." Plaintiff sought compensatory damages and punitive damages in an unspecified amount for their cause of action, plus interest and costs. *Id.*

2. Plaintiff amended their Complaint on December 17, 2024, wherein the Plaintiff dismissed the individual Defendant, Jackson, and added a count of uninsured/underinsured motorist coverage and added this Defendant as a named party. The Plaintiff again requested compensatory and punitive damages. A true and correct copy of the Amended Complaint is attached as Exhibit "B."

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1446(a).

4. Plaintiff served this Defendant with copies of the Summons and Complaint on December 23, 2024. This Notice of Removal is filed within thirty (30) days of service upon this Defendant. Therefore, removal is timely under 28 U.S.C. § 1446(b).

5. According to the Amended Complaint, Plaintiff is over the age of nineteen (19) and is a resident of Alabama. Exhibit "B," at ¶ 1.

6. The Amended Complaint states that Defendant, USAA, is a foreign corporation registered to conduct business in the State of Alabama. *Id* at ¶ 2.

7. Plaintiff alleges that the previously dismissed individual Defendant, Jackson, while operating his vehicle, impacted Plaintiff's vehicle. Exhibit "B," at ¶ 6. According to the Amended Complaint, this collision occurred on or about January 22, 2023, in Butler County, Alabama. Exhibit "B," ¶ 5. Plaintiff alleges she was caused to incur personal injury and harm. *Id.* at ¶ 7.

8. Plaintiff also alleges that they are covered under a policy of automobile insurance, specifically the uninsured/underinsured motorist portion of the policy, issued by this Defendant. Exhibit "B," at ¶ 12.

9. Plaintiff alleges that Defendant, Jackson, carried insufficient coverage for the alleged damages. Exhibit "B," at ¶ 13.

10. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

**BASIS FOR REMOVAL**

**THIS REMOVAL IS TIMELY**

11. Plaintiff served USAA with a copy of the Summons and Complaint on December 23, 2024. This Notice of Removal is filed within 30 days of service upon Defendant, USAA. Exhibit "C," Service of Process Transmittal; 28 U.S.C. § 1446(b).

**FEDERAL DIVERSITY JURISDICTION**

12. A party seeking a federal venue must demonstrate that the federal court has jurisdiction over the case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As demonstrated below, this case is removable pursuant to 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

**COMPLETE DIVERSITY OF CITIZENSHIP**

13. The parties are citizens of two different States. Plaintiff, upon information and belief, is a resident citizen of Alabama. USAA is a foreign corporation organized under the laws of Texas, with its principal place of business located in the State of Texas. And as previously stated, *supra*¸ the individual Defendant, Jackson, has been dismissed from this case as of January 10, 2025. Exhibit "D."

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

14. The amount in controversy in this matter exceeds the $75,000.00 jurisdictional threshold. As held by *Dart*, a defendant need only make a short and plain statement of these grounds for the purpose of removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions"). This amount in controversy allegation should be accepted unless contested by the Plaintiff or questioned by the Court. *Dart*, 135 S. Ct. at 553 (pursuant to 28 U.S.C. § 1446(a),

"a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Plaintiff's Complaint specifically demands judgment against Defendant for compensatory damages and punitive damages. Exhibits "B."

15. Though Plaintiff seeks unspecified damages in excess of the state court's jurisdictional limits, removal is facially apparent on her Complaint. Exhibits "B." As noted by the Northern District of Alabama, "the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, No. 12-AR-2879-S, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013); *see also Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("[P]laintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court . . . ."); *Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12–CV–4163–KOB, 2013 WL 360421, *2 (N.D. Ala. Jan. 29, 2013) ("Although Mr. Seckel only specifically claimed $26,430 in actual damages in his state court complaint, the unspecified damages he

seeks for his alleged emotional distress and unjust enrichment claims allow the Defendant to meet the amount in controversy requirement. Without an affidavit from Mr. Seckel stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES Mr. Seckel's motion to remand.”).

16. Further, when a complaint does not specify the amount in controversy, a notice of removal may do so. 28 U.S.C. § 1466(c)(2)(A). The most recent amendment to 28 U.S.C. §1446 has been interpreted by at least one court as a clear statement of Congressional intent to slow down, if not prevent, federal courts from remanding diversity cases where there is no ad damnum clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012). Otherwise, a "mini-trial would be required in every diversity case removed pursuant to 28 U.S.C. § 1446(c)(2)(A) and (B)." *Id*.

17. If the Court is in any doubt regarding the amount in controversy, this Defendant requests the opportunity to engage in discovery that will, no doubt, provide greater clarity to the Court in that regard. However, this Defendant believes that the parties and the Court know from their exercise of good sense and experience that the claim exceeds $75,000.

18. This Defendant has made specific plausible allegations as required by *Dart*, which combined with reasonable deductions, reasonable inferences, and reasonable extrapolations, establish the amount in controversy in this case exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 774, 753-54 (11th Cir. 2010). While this Defendant denies that the Plaintiff is entitled to any recovery whatsoever, the amount in controversy exceeds $75,000.00. If Plaintiff contests that the requisite amount in controversy has been met, Defendant requests the opportunity for both sides to submit proof so that the Court can decide, by a preponderance of the evidence, whether the requirement has been satisfied. *See Dart*, 135 S. Ct. at 554.

**PLEADINGS AND PROCESS**

19. Copies of all the process and pleadings served upon the Defendant in this case are contained within the attached Exhibit "E," which is a complete copy of the court file for case number 10-CV-2024-900075, in the Circuit Court of Butler County, Alabama.

**NOTICE GIVEN**

20. Notice of this removal is being filed with the Clerk of the Circuit Court of Butler County as provided by law. A copy of the Defendant's Notice of Filing of Removal is being served upon all counsel or record.

Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any matter constituting an avoidance, defense or affirmative matter including any procedural or substantive defense available.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, USAA, prays that this Court will consider this Notice of Removal as provided by the law governing removal of cases to this Court, make the proper orders to achieve the removal of this cause from the Circuit Court of Butler County, Alabama, to this Court, and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the said Circuit Court.

Dated this the 22nd day of January, 2025.

/s/ *James L. Pattillo*
James L. Pattillo (asb-2746-A49P)
Attorney for Defendant, USAA

**OF COUNSEL:**

**CHRISTIAN & SMALL LLP**
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: jlpattillo@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on **Wednesday, January 22, 2025,** I have filed the above and foregoing pleading electronically with the Clerk of Court using the CM/ECF system which will send notification of same to all parties of record, and those not registered with the CM/ECF system have been served at their regular mailing address via U.S. Mail, postage prepaid.

Brian A. Dasinger
BRIAN A. DASINGER, P.C.
Post Office Box 1557
Fairhope, AL 36533
(251) 928-5588
*Counsel for Plaintiff*

C. Randall Caldwell, Jr.
CALDWELL WENZEL & ASTHANA, P. C.
Post Office Box 2158
Foley, Alabama 36536
(251) 444-7000
rcaldwell@cwalawfirm.com
*Counsel for Plaintiff*

/s/ *James L. Pattillo*
OF COUNSEL